# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO: 5:11-CV-00010

WESTFIELD INSURANCE COMPANY                                                                             PLAINTIFF

v.

B.H. GREEN & SON, INC., *et al.*,                                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's motion to stay this action until discovery has been completed in the state court case (DN 18). Plaintiff has filed a response (DN 20). Defendant has filed a reply (DN 22). This matter is ripe for adjudication. Accordingly, the motion to stay is DENIED.

## BACKGROUND

This action is based on an underlying state court action. Defendant B. H. Green & Son, Inc., was a contractor for Lyon County Board of Education. Defendant was contracted to construct a middle school. After construction, cracks started to develop in the concrete of the middle school. Lyon County Board of Education filed suit against multiple parties, including B. H. Green.

Plaintiff Westfield is B. H. Green's insurance company. Westfield has been defending B. H. Green under a reservation of rights in the state court litigation. Westfield now sues in federal court for a declaratory judgment on whether B. H. Green's insurance policy covers the current case.

Multiple issues have been raised in the underlying action. Originally, the damage was assumed to be the result of a chemical reaction in the concrete known as an alkali carbonate reaction ("ACR"). This reaction is allegedly the result of certain impurities present in the concrete supplied to B. H. Green. Recently, the concrete supplier has filed a counter-claim, alleging that the problem was not in the concrete, but was a design defect from the architect.

## GOVERNING LAW

Plaintiff has filed this declaratory judgment action on the basis of the Kentucky Supreme Court's decision in *Cincinnati Ins. Co. v. Motorists Mut. Ins. Co.*, 306 S.W.3d 69 (Ky. 2010). In that case, the Kentucky Supreme Court opined on what counts as an 'occurrence' in a commercial general liability ("CGL") policy. *Id.* By the plain language of the policy, to be an occurrence, the events precipitating the claim must be an accident. In insurance law, the word 'accident' is accorded no special meaning. *Id.* at 74. "Inherent in the plain meaning of "accident" is the doctrine of fortuity." *Id.* In turn, fortuity involves intent and control.[1]

A fortuitous event is one that cannot be controlled by the insured because it is "beyond the power of any human being to bring to pass, or is within the control of third persons" – a "chance event." *Id.* at 76 (internal quotations and edits omitted). Using this definition, it is axiomatic that poor workmanship is within the control of the contractor and therefore not an occurrence. *Id.* However, the Court distinguished and considered still valid a case where a contractor accidently destroyed the wrong portion of a home in a "flurry of activity" was considered on occurrence. *Id.* at 77.

## STANDARD

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfied subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). A court should "examine the scope of the pending state court proceeding and the nature of defenses open there."

---

[1]Intent is not seriously contested in this proceeding, so this Court will focus on the law governing control.

*Id.* at 283 (internal quotations omitted). Important to this case, a court should consider "whether the claims of all parties in interest can satisfactorily be adjudicated in [the state] proceeding." *Id.* (internal quotations omitted).

## ANALYSIS

The issue that is going to govern in the declaratory judgment case is control. Answering the question of control, however, is not significantly tied to the legal and factual determinations of the state court. In fact, Westfield is not even a party to the underlying state court action, and therefore Westfield's rights will not be adjudicated. While the factual discovery in the declaratory judgment case will overlap with factual issues in the state court litigation, any discovery taken in this case can be used in the state court case, and vice versa. Any factual determinations required by this Court would not seem to overlap with factual determinations of the state court. Accordingly, this Court can see no advantage to entering a stay in the case at this time. Accordingly, the motion for a stay is DENIED.

**IT IS SO ORDERED.**