# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO: 5:11-CV-00010

WESTFIELD INSURANCE COMPANY                                      PLAINTIFF

v.

B.H. GREEN & SON, INC., *et al.*,                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Westfield Insurance Company has moved to dismiss counts II and III of Defendant B. H. Green & Son, Inc.'s, counterclaim (DN 11). Defendant has responded (DN 17). Plaintiff has replied (DN 19). The motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This action is based on an underlying state court action. Defendant B. H. Green & Son, Inc., was a contractor for Lyon County Board of Education. Defendant was contracted to construct a middle school. After construction, cracks started to develop in the concrete of the middle school. Lyon County Board of Education filed suit against multiple parties, including B. H. Green.

Plaintiff Westfield is B. H. Green's insurance company. Westfield has been defending B. H. Green under a reservation of rights in the state court litigation. Westfield now sues in federal court for a declaratory judgment on whether B. H. Green's insurance policy covers the current case.

Multiple issues have been raised in the underlying action. Originally, the damage was alleged to be the result of a chemical reaction in the concrete known as an alkali carbonate reaction ("ACR"). This reaction is allegedly the result of certain impurities present in the concrete supplied to B. H. Green. Recently, the concrete supplier has filed a counter-claim,

alleging that the problem was not in the concrete, but was a design defect from the architect.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted). A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.*

Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A court is not bound to accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.

## DISCUSSION

Plaintiff has moved to dismiss Counts II and III from the counterclaim.

**a.)** **Count II**

Defendant argues that coverage of the current case should be included in the insurance contract due to promissory estoppel. Kentucky courts have held that estoppel cannot be used to create or enlarge the coverage of an insurance policy. *Old Republic Ins. Co. v. Begley*, 314 S.W.2d 552, 557 (Ky. 1958); *accord* CJS Insurance § 1146; *but cf. Am. Cas. Co. of Reading, Pa. v. Shely*, 314 Ky. 80 (1950) (estoppel can be used to create coverage if a defense is undertaken without a reservation of rights letter). However, the general explanation for such a policy, "that an insurer should not have to cover a loss for which the insured paid no premium," is inapplicable to the instant facts as alleged. *Counterclaim*, DN 8, pg. 6 ("14. In issuing the policy and through its terms, Westfield represented to Green that coverage would be in place for the type of claim asserted in the underlying lawsuit. 15. Green relied on the promise of such coverage in paying premiums to Westfield for such coverage and in deciding not to purchase such coverage via another insurance product and/or from another insurer."). In addition, *Old Republic Ins.* is factually distinguishable because it dealt specifically with declining to enlarge coverage that was not in compliance with certain Kentucky statutes.[1] Accordingly, the motion to dismiss Count II is DENIED.

**b.)    Count III**

Count 3 seeks a recession of the contract and a refund of premiums for frustration of purpose, failure of consideration, mutual mistake, and unjust enrichment. Plaintiff has failed to

---

[1]The Court stated: "We perceive nothing in the record which would authorize the court to extend the coverage of the contract by reason of any knowledge or act on the part of the company even if it be assumed that the workman, Begley, believed that he was protected by the insurance." In the instant case, it is alleged that the parties discussed and bargained for the disputed coverage. Accordingly, the facts may develop in such a way that would "authorize the court to extend the coverage of the contract by reason of . . . knowledge or act on the part of the company." *Id.* at 557.

demonstrate that Defendant can succeed on no set of facts on the claim of frustration of purpose, failure of consideration, and unjust enrichment. Accordingly the motion to dismiss those claims is DENIED.

Under Kentucky law, however, the mutual mistake claim must fail as a matter of law. While a mutual mistake of fact can void a contract in Kentucky, a mutual mistake of law has no effect. *Clayville v. Huff*, No. 2005-CA-001497-MR, 2007 WL 3406911, *2 (Ky.App. 2007) (citing *Sadler v. Carpenter*, 241 S.W.2d 840, 842 (Ky. 1952)); *Murphy v. Torstrick*, 309 S.W.2d 767, 770 (Ky. 1958); *Raisor v. Burkett*, 214 S.W.3d 895, 906 (Ky.App. 2006). Accordingly, Defendant is not entitled to recession on the grounds of mutual mistake. The motion to dismiss mutual mistake from Count III is GRANTED.

## CONCLUSION

For the above reasons, the motion to dismiss is GRANTED IN PART and DENIED IN PART as consistent with this opinion.

In addition, a TELEPHONIC SCHEDULING CONFERENCE shall be held on July 28 at 9:00 am Central Time. The Court will place the call to the parties.

**IT IS SO ORDERED.**